QUINN R. BARTON, INC., v. VICTOR JOHNSON, and his sureties, A. J. TANEL and A. R. SANDLIN.

196 So. 489
Division A
Opinion Filed May 28, 1940

246

*Philip C. Gorman,* for Appellant;

*C. Rogers Wells, Philip Wright II* and *W. T. Hall,* for Appellees.

THOMAS, J.—The chancellor entered a final decree prohibiting the judgment creditor from further prosecuting garnishment proceedings involving the funds of one of the sureties on a forthcoming bond filed in a replevin action for the recovery of certain machinery. When a motion to dismiss the bill of complaint was denied the cause was submitted to the court on that pleading, a sworn answer, and the final judgment, execution, sheriff's return and report of sale in the replevin action.

After reciting the state of the record and that no oral testimony was offered the chancellor found the allegations to be true and "that the * * * (machinery) sold and disposed of by the defendant (plaintiff in replevin) was of an equal or greater value than the amount remaining due on the judgment against the plaintiffs (defendant and sureties in replevin) herein."

We pass to the facts forming the foundation for the final finding of the court as they are deduced from the pleadings and records he mentioned in his order.

According to the bill, possession of the implements was sought in replevin and to release them from custody under the writ a forthcoming bond was given. At the trial the plaintiff prevailed with the result that judgment was entered reciting the value of the property as $400.00, the special interest of the plaintiff, $594.86. It was adjudged that plaintiff recover possession of the property and its value with costs and that execution issue against the defendant and sureties for the latter amounts. Levy was made and the property sold to a third party for $35.00. The sheriff reported that the bidding was spirited and that the property could not be located, although notice of the sale gave the place thereof as "Cottage Service Station."

In proceedings supplementary to execution money of one of the sureties was discovered in a bank and subsequently impounded by garnishment. It was charged that the sale was invalid because of the statute (Sec. 4524 C. G. L. 1927) requiring exposition at the courthouse except when" * * * not easily movable, or movable at great relative expense * * *"; was fraudulent for the reason that the affidavit in replevin fixed its value at more than $500.00 and it sold for but $35.00 or $18.13 less than costs of the case; and that the return reporting "spirited bidding" was untrue, no one having been present save a deputy sheriff and plaintiff's lawyer.

The answer contained admissions generally of the procedure in replevin culminating in the judgment and the subsequent levy and sale. There was denial of any violation of the quoted statute, invalidity or fraud in the sale, or irregularity in the garnishment. Also denied was the averment that the sale was unattended except by the deputy sheriff and plaintiff's attorney. It was affirmatively alleged that no appeal was taken from the judgment which was ab-

solute and unsatisfied; that the court established the worth of the property on January 29, 1937, at $400.00; that it remained in the defendant's possession until February 3, 1938, when execution issued and that at the time of sale the goods were practically worthless. It was asserted that the sale was fair, the price just and the bidding lively.

We do not find in the record evidence substantiating the allegations of the bill of complaint put at issue by the denials of the answer and without such proof and taking into account the facts shown by the averments which are admitted together wtih the records we have detailed we are convinced that the appellee was not entitled to the relief he received in the equity court.

As we have observed the only parts of the record in the replevin action which the chancellor considered were the judgment, execution, return and report of sale and the sole fact was established by the decree that the implements were of "equal or greater value than the amount remaining due on the judgment against the plaintiffs herein."

The property was in the possession of the defendant in replevin from the time the forthcoming bond was given on March 9, 1936, until the sheriff made his levy February 3, 1938. These dates are established by the allegations of the bill admitted in the answer. It seems improper to have held that because of the discrepancy between the value given in the affidavit and the price bid at forced sale after the defendant had kept the machinery for nearly two years, that *ipso facto* stamped the sheriff's auction invalid. Inadequacy of price in some events indicates fraud but in the circumstances reflected here it hardly amounts to even a suspicion of misconduct on the part of the court's executive officer.

The publisher's affidavit of notice of the sale, made a part

of the sheriff's report, shows it to have appeared once each week for four consecutive weeks in a newspaper published weekly. The officer represented to the court that he offered the various pieces of machinery separately then collectively and accepted the highest bid from a buyer who, according to the record, was not interested in the controversy.

It was represented by the officer "that there was spirited bidding on said property." This statement was challenged in the bill and defended in the answer. Nevertheless it remains unimpeached and should be accepted as true—a formal record of the constitutional executive officer of the court.

It seems necessary to discuss but one additional question, *id est,* the place of sale. The statute we have cited allows one to be held where the property is located if difficult or expensive to move it to the court house. The place given in the advertisement was a service station situated at the "NE corner of the intersection of Main and Palmetto Streets, in the City of Leesburg, Lake County, Florida." That location is quite specific and could not have caused any confusion or been misleading to any interested bidder. In the absence of any proof to the contrary we will assume that the sheriff acted as he did to avoid undue trouble and expense and performed his duties within the provisions of the law.

We conclude that the decree was erroneously entered and it is, therefore,

Reversed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.